**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1863-17T1

MOBOLAJI OSINUGA,

     Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR
and ADECCO USA, INC.,

     Respondents.

_____

Submitted December 4, 2018 – Decided December 24, 2018

Before Judges Fisher and Geiger.

On appeal from the Board of Review, Department of Labor, Docket No. 123,738.

Mobolaji Osinuga, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent Board of Review (Melissa H. Raksa, Assistant Attorney General, of counsel; Jessica M. Saxon, Deputy Attorney General, on the brief).

Respondent Adecco USA, Inc., has not filed a brief.

PER CURIAM

Petitioner Mobolaji Osinuga appeals a final agency decision of the Board of Review of the Department of Labor and Workforce Development that denied his application for unemployment benefits. We affirm.

Petitioner did not participate in the first hearing and failed to register for the second scheduled hearing; thus, the employer's position is undisputed. Petitioner was employed by respondent Adecco USA, Inc. (Adecco), a temporary help service firm, as a financial analyst from November 2, 2016 to February 24, 2017, when his assignment ended. Petitioner was required to contact Adecco within two business days after the end of his prior assignment and weekly thereafter. Petitioner did not contact Adecco until May 17, 2017. No offer of work was made at that time.

Petitioner filed a claim for unemployment benefits on April 2, 2017. On June 14, 2017, the Deputy Director of the Division of Unemployment and Disability Insurance found petitioner qualified for benefits. On July 5, 2017, Adecco appealed, alleging petitioner was unavailable for work. Only Adecco participated in the scheduled hearing before the Appeal Tribunal on August 3, 2017. The Appeal Tribunal disqualified petitioner for unemployment benefits because he was unavailable for work within the meaning of N.J.S.A. 43:21-4(c).

A-1863-17T1

Petitioner appealed the Appeal Tribunal's decision. The Board of Review remanded the case to the Appeal Tribunal to allow for testimony by petitioner, who did not appear at the first hearing. Petitioner did not timely register for the second telephonic hearing scheduled for October 13, 2017, and did not appear for the hearing. The Appeal Tribunal once again disqualified petitioner for unemployment benefits because he was unavailable for work.

On October 20, 2017, petitioner appealed the Appeal Tribunal's decision to the Board of Review. The Board of Review affirmed the decision of the Appeal Tribunal in a decision mailed on November 1, 2017. This appeal followed.

Petitioner argues:

> THE EMPLOYER IS CLAIMING THE CLAIMANT FAILED FOR NO COMPELLING REASON TO MAKE CONTACT WITH THE JOB ABOUT WORK AS REQUIRED TWO DAYS AFTER THE JOB ENDED ON [FEBRUARY 24, 2017] AND ONCE A WEEK THEREAFTER EXCEPT ON [MAY 19, 2017] AND HE'S HEREBY NOT ELIGIBLE FOR UNEMPLOYMENT BENEFITS RECEIVED (R.4A1,2). THE CLAIMANT STATES THAT CONSTANT CONTACTS WERE MADE WITH THE RECRUITER TWO WEEKS BEFORE THE END OF WORK AND EVERY WEEK THEREAFTER. (R. 5A)

Our review of an administrative agency decision is limited. Brady v. Bd. of Review, 152 N.J. 197, 210 (1997). Administrative agency decisions are

A-1863-17T1

generally upheld on appeal unless they are arbitrary, capricious, or unreasonable; are unsupported by substantial credible evidence in the record; or are contrary to express or implied legislative policies. Saccone v. Bd. of Trs. of Police & Firemen's Ret. Sys., 219 N.J. 369, 380 (2014); Lavezzi v. State, 219 N.J. 163, 171 (2014). We "give considerable weight to a state agency's interpretation of a statutory scheme that the [L]egislature has entrusted to the agency to administer[,]" In re Election Law Enf't Comm'n Advisory Op. 01-2008, 201 N.J. 254, 262 (2010) (citing Richardson v. Bd. of Trs., Police & Firemen's Ret. Sys., 192 N.J. 189, 196 (2007)); see also GE Solid State v. Dir., Div. of Taxation, 132 N.J. 298, 306 (1993), but we are not bound by it. Lavezzi, 219 N.J. at 172.

The Board of Review did not err in rejecting petitioner's claim for unemployment benefits. Eligibility for unemployment benefits is determined by satisfying the requirements of N.J.S.A. 43:21-4 and N.J.A.C. 12:17-5.1, which describe the basic unemployment eligibility requirements. "An unemployed individual shall be eligible to receive benefits with respect to any week eligible only if . . . [t]he individual is able to work, and is available for work, and has demonstrated to be actively seeking work . . . ." N.J.S.A. 43:21-4(c)(1). In turn, N.J.A.C. 12:17-15.3(b) states in pertinent part:

An individual's claim . . . with a temporary help service firm shall be reviewed as an available for work issue if the individual fails to contact the firm for reassignment by the end of the next business day after completion of the last assignment and there is no written agreement between the temporary help service firm and the individual.

Adecco's witnesses testified petitioner worked for Adecco from November 2, 2016 to February 24, 2017, when his assignment ended. Petitioner did not contact Adecco within two days of the end of his prior assignment to let it know he was still actively seeking employment. As reflected by Adecco's call-in records, petitioner did not contact Adecco until May 17, 2017.

In his appellate brief, petitioner claims he frequently contacted Adecco following the end of his work assignment. Because petitioner did not participate in either hearing, the record contains no evidence he made such contacts. Consequently, we will not consider his assertions on appeal. See Cipala v. Lincoln Tech. Inst., 179 N.J. 45, 52 (2004) (declining to consider an issue that was not part of the record).

Because petitioner did not make himself available for work by contacting Adecco for reassignment within two business days after completion of the last assignment, he was properly disqualified for unemployment benefits. N.J.S.A. 43:21-4(c)(1); N.J.A.C. 12:17-15.3(b).

The decision of the Board of Review was not arbitrary, capricious, or unreasonable and is supported by the uncontroverted record.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1863-17T1